ANTHONY GALIOTO ET AL., PLAINTIFFS-RESPONDENTS, v. ERIE RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs-respondents, *Nicholas La Vecchia* and *Herbert A. Kuvin*.

For the defendant-appellant, *Hobart & Minard*.

PER CURIAM.

This suit was brought in the District Court of the Second Judicial District of Essex county. It was to recover alleged damages to two carloads of bananas purchased from the Banana Sales Corporation of July 17th, 1928; shipped from pier 26, East river, New York, about five P. M., and delivered to the plaintiffs by the defendant at the Bloomfield freight yard, at Bloomfield, New Jersey, on the morning of July 18th, 1928, at about eleven forty-five A. M. Negligence in delaying the delivery of the cars is charged on account of the hot weather. The case was tried by the judge without a jury, resulting in a judgment for the plaintiffs for $468.75. The trial judge filed a finding of facts in which he found as follows: "I find as a matter of fact that the defendant was negligent in permitting a period of about four hours to expire between the time the merchandise was at the Forest Hill junction and the time that they were placed in position for

unloading, and that said defendant did not use reasonable dispatch in delivering said merchandise."

We concur in the findings of fact by the trial court. The defendant filed five specifications of the determinations or directions of the District Court, with respect to which the defendant is dissatisfied in point of law. They are argued, however, under four heads in the appellant's brief. *First,* the trial judge erred in refusing defendant's motion for a nonsuit. *Second,* the trial court erroneously denied the motion of the defendant for the direction of a verdict. *Third,* the trial court erred in admitting certain testimony regarding the time of delivery. *Fourth,* there is no basis for the judgment entered by the trial court. These all involve questions of fact except number three, decided by the trial court on the evidence before that court against the defendant. Number three: "*Q.* Did you designate any time that the bananas were to have been delivered? *A.* Yes. *Q.* What time did you designate and to whom did you designate the time of delivery? *A.* Why, I generally come down around seven o'clock in the morning. That is the time." This was not harmful to the defendant. The bill of lading (*Exhibit P-4*) provides, section 1: "(a) The carrier or party in possession of any of the property herein described shall be liable as at common law for any loss thereof or damage thereto except as hereinafter provided" * * *. "Section 2: (a) No carrier is bound to transport said property, &c., otherwise than with reasonable dispatch." So (*Exhibit P-5*) section 2 (a).

The findings of fact by the trial court are not reviewable if there is any testimony to support them. *Lapat* v. *Erie Railroad Co.,* 71 *N. J. L.* 377; *Upton* v. *Slater,* 83 *Id.* 373.

We find no substantial reason for reversing the judgment of the Distrcit Court of the Second Judicial District of Essex county. The judgment is therefore affirmed, with costs.